COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Severino LS Asumu v. The State of Texas

Appellate case number:    01-14-00588-CR

Trial court case number:   13-CCR-167155

Trial court:              County Court at Law No. 3 of Fort Bend County

On June 18, 2014, appellant was found guilty by a jury of the misdemeanor offense of possession of marijuana and the trial court placed appellant on probation for nine months. On June 27, 2014, appellant filed a notice of appeal. On August 1, 2014, the trial court issued an order granted counsel's request to withdraw as appellant's counsel.

The appellate record in this case was due on August 18, 2014. The clerk's record was filed on October 14, 2014, but the reporter's record has not been filed. On October 13, 2014, the Clerk of this Court notified appellant that the court reporter responsible for preparing the record in this appeal had informed the Court that appellant had not requested preparation of the record or had not made arrangements to pay for the reporter's record. The Clerk further notified appellant that unless he provided proof of payment for preparation of the reporter's record, proof of having made payment arrangements for the reporter's record, or a response showing that he was exempt from paying for the reporter's record by November 12, 2014, the Court might consider and decide those issues or points that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c). Appellant failed to respond to the notice.

Because a reporter's record has not been filed and appellant currently does not appear to be represented by counsel, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Fort Bend County District Attorney's Office shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Determine whether appellant is now indigent, and
   a. if appellant is indigent, (i) appoint substitute appellate counsel at no cost to appellant and (ii) order the court reporter to file the reporter's record in

this case within **30 days** of the date of the hearing, at no cost to appellant;

    b.  if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:

        1.  determine whether appellant is knowingly and intelligently waiving his right to counsel and (A) if so, obtain a written waiver of the right to counsel, or (B) if appellant does not wish to proceed pro se, provide a deadline of no more than **30 days** from the date of the hearing by which appellant must hire substitute counsel; and

        2.  provide a deadline of no more than **30 days** from the date of the hearing by which appellant must provide written evidence demonstrating payment of the reporter's record and further notify appellant that failure to provide such evidence may result in consideration of his appeal without a reporter's record.

  3)  Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

  4)  Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f) (West 2005), 26.04 (West Supp. 2014); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within **30 days** from the date of this order. The trial court's findings and recommendations and any orders issued pursuant to the hearing shall be included in a supplemental clerk's record and filed in this Court within **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Jane Bland</u>

        ☒ Acting individually    ☐ Acting for the Court


Date:  August 18, 2015